## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

NING JIAN DU

CRIMINAL ACTION
NO. 17-00284-6

**PAPPERT, J.**                                                                          **July 9, 2021**

### MEMORANDUM

Ning Jian Du seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because extraordinary and compelling reasons do not warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

On May 23, 2017 Du was charged with one count of conspiracy to distribute oxycodone and one count of distribution of oxycodone. (Indictment 13–16, 21, 38, ECF 1.) He pleaded guilty to both charges pursuant to a plea agreement. *See generally* (Plea Agreement, ECF 225). Du "was a high-level member" of a large oxycodone distribution ring for which he obtained thousands of pills by filling fraudulent prescriptions at pharmacies and sold pills to others. *See* (Gov't Plea Mem. 1, 3–4, ECF 224); (Gov't Resp. to Mot. for Release 1–2, ECF 478). He also recruited several individuals, two of whom were addicts and have since died as a result of their addictions, to join the conspiracy and facilitated their participation in it by driving them to fill prescriptions or delivering pills they obtained to a co-conspirator. (Gov't Plea Mem. 4); (Gov't Resp. to Mot. for Release 2–3, 17.)

On June 14, 2018, the Court sentenced Du to eighty-four months' imprisonment. (Judgment 2, ECF 348.) So far, counting accrued good time credit, he has served approximately forty-one months of his sentence. (Gov't Resp. to Mot. for Release 3.) His current anticipated release date is June 20, 2024. (*Id.*); (Mot. for Release 2, ECF 471.)

B

Amid the COVID-19 pandemic, Du petitioned the warden at FCI Fort Dix for compassionate release. (Mot. for Release 3); (Gov't Resp. to Mot. for Release 3.) The warden denied his request. (Mot. for Release 3); (Gov't Resp. to Mot. for Release 3.)

Du now moves *pro se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See generally* (Mot. for Release).[1] He argues extraordinary and compelling reasons exist for his release because he suffers shortness of breath as a result of a car accident in October of 2015 where he fractured his ribs and punctured a lung. (*Id.* at 4–5.)

The Government provided Du's medical records to the Court, and those records do not corroborate any claims of shortness of breath or any other respiratory issues. *See* (Gov't Ex. A 6, 14–15, 17, 25, 34, ECF 479.) Du's do records show, *inter alia*, that he is thirty-six years old with a BMI of approximately 27.2. *See* (*id.* at 7, 8, 29, 34, ECF 479.) He has chronic lower back pain as well as a history of substance abuse involving marijuana, cocaine, opioids and Xanax. *See* (*id.* at 5, 9, 28, 34.) He refused the Moderna COVID-19 vaccine on March 8, 2021. (*Id.* at 32.)

---

[1]     The Federal Community Defender declined to seek compassionate release on Du's behalf. (Order Referring Mot. for Release, ECF 472); (Letter Declining to Seek Release, ECF 475.)

## II

## A

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Before releasing an inmate, a court must also "consider [] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the nature and circumstances of the offense," the "need for the sentence imposed—to reflect the seriousness of the offense, . . . promote respect for the law, . . . and . . provide just punishment for the offense" and the need to "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(A), (C).

## B

Du has not presented extraordinary and compelling reasons for his release. The Third Circuit Court of Appeals has explained that the "mere existence of COVID-19 in society . . . cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a defendant must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (noting the government conceded the defendant's "health conditions[] and the risks they present in light of the current COVID-19 outbreak constitute 'extraordinary and compelling reasons'"). Du does not present any condition the CDC considers to be a COVID-19 risk factor. *See generally* Coronavirus Disease 2019, *People with Certain Medical Conditions*, Center for Disease Control and Prevention, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021). Nor does

he offer any argument as to why his purported shortness of breath, for which there is no evidence and which was allegedly precipitated by an event preceding his incarceration, would warrant his release at this time.

C

Even if extraordinary and compelling reasons did exist for Du's release, his release is unwarranted based on the § 3553(a) factors. *See Pawlowski*, 967 F.3d at 331 (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). Du earned his sentence by playing a supervisory role in a conspiracy to flood the community with highly addictive opiates and preying on addicts to expand the conspiracy's reach. His disregard for public health or safety while he carried out these offenses demonstrates he remains a danger to the community. *See* 18 U.S.C. § 3553(a)(2)(C). Moreover, releasing Du less than halfway through his sentence would ignore the nature, circumstances and seriousness of his offenses and fail to promote respect for the law or provide just punishment. *See id.* at §§ 3553(a)(1), (a)(2)(A).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4